# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT J. TURNER, | Case No.: 2:10-cv-01875-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#5) |
| GMAC MORTGAGE; EXECUTIVE TRUSTEE SERVICES, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

Before the Court is Defendants Mortgage Electronic Registration System, Inc. ("MERS") **Motion to Dismiss** (#5, filed Nov. 2, 2010) for failure to state a claim, and Defendants Executive Trustee Services, LLC and GMAC Mortgage Joinder (#17, filed Dec. 22, 2010). Plaintiff did not respond.

## DISCUSSION

If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after service of the motion. Local Rule 7-2(b). The failure of a party to file points and authorities in opposition to any motion constitutes the party's consent to the Court's grant of the motion. LR 7-2(d); *Abbott v. United Venture Capital, Inc.*, 718

AO 72
(Rev. 8/82)

1

F. Supp. 828, 831 (D. Nev. 1989).  It has been said these local rules have the force of law no less than the federal rules or acts of Congress.  *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995).  The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules.  *Black Unity League of Ky. v. Miller*, 394 U.S. 100 (1969).

Pursuant to the Local Rules of this Court, any response to Defendants' Motion was to be filed and served by November 19, 2010.  Because no response or opposition to the Motion was filed pursuant to the Local Rules, the Court grants Defendants' Motion to Dismiss.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal).

Further, the Court has reviewed Defendants' motion and finds that it has merit. Plaintiff generally fails to allege facts necessary to support his allegations.  Also, Plaintiff's arguments are essentially the same as myriad other mortgage foreclosure arguments that this Court has dismissed for failure to state a claim.  Some of these argument are that the securitization of Plaintiff's mortgage separated the note from the deed of trust and that the "federal bailout" paid Plaintiff's mortgage.  These types of arguments are contrary to law.  *See, e.g.*, *Robinson v. G.E. Money*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009); *Gomez v. Countrywide Bank, FSB.*, 2009 WL 317650 (D. Nev. Oct. 26, 2009).  Therefore, the Court also grants the motion on its merits.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#5) is GRANTED.  The Clerk of the Court is directed to close this case.

Dated: March 31, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)